UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA MCINTOSH, | ) |
|     Plaintiff, | ) ) ) |
|         v. | )   CAUSE NO: 1:19-cv-04955- ) |
| MCCUBBIN FORD INC., | ) ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ms. Melissa McIntosh, hereinafter "Ms. McIntosh", by counsel, pursuant to Fed. R. Civ. P. 3, and files her Complaint against Defendant, McCubbin Ford Inc., and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983, and Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana* Gas Co., 260 Ind. 249, 297 N.E.2d 425 (1973).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. McIntosh, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a domestic for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about August 15, 2019, Ms. McIntosh filed timely charges of Disability Discrimination in violation of the ADA, and Retaliation for asserting his rights under Indiana's Worker's Compensation laws against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2019-04012.

8. On or about September 19, 2019, Ms. McIntosh received a Notice of Right to Sue from the EEOC for Charge Number 470-2019-04012, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Ms. McIntosh in March of 2018.

11. Throughout her employment with Defendant, Ms. McIntosh met or exceeded Defendant's legitimate expectations of performance.

12. In fact, she was promoted to Body Shop Manager during her employment with the company.

13. In May of 2018, Ms. McIntosh sustained an injury at work.

14. The injury caused her foot and ankle to become broken, which required surgery.

15. After the surgery Ms. McIntosh was off for a couple of months because she could not return to her job with the medical restrictions there were in place.

16. In August of 2018, while still out recovering, the owner of McCubbin Motors, Mr. Kevin McCubbin, contacted her and asked her to come back to work.

17. Mr. McCubbin was aware the Ms. McIntosh's medical restrictions were still in place.

18. In fact, Mr. McCubbin told her that her new title would be Body Shop Manager, and that she would be able to sit down for the new position.

19. With the understanding that her new position would allow her to remain sedentary, Ms. McIntosh went to her doctor and was able to get medically released with restrictions.

20. Her movement was to be limited by her restrictions, but she depended on Mr. McCubbin's promise that she would be able to adhere to these restrictions.

21. However, when she took the position as Body Shop Manager, she was not allowed to follow her restrictions.

22. Ms. McIntosh was asked to walk around the dealership.

23. Ms. McIntosh reported that she was being made to walk around in violation of her medical restrictions to other personnel of the business including Donna and Mr. McCubbin.

24. After reporting the violation of her restrictions, Donna told her that she would try to walk stuff to her more often, so she didn't have to walk around as much.

25. However, Mr. McCubbin relayed to her that he thought she was playing up her injury.

26. Due to her not being able to adhere to her restrictions, her injury did not heal properly, and further damage occurred.

27. After being promoted to manager, Ms. McIntosh was excluded from the manager meetings that all of the other managers were included in.

28. Ms. McIntosh scheduled a second surgery for her injury in November of 2018.

29. Two days prior to the scheduled surgery, Ms. McIntosh was called into a managers meeting.

30. Present during the meeting were Toni Huff, Kevin McCubbin, Eric Hubbert, and Sean Murphey.

31. When she entered the meeting, Mr. McCubbin informed her that she was terminated.

32. Mr. McCubbin, aware of Ms. McIntosh's upcoming surgery, told her that she could keep her workers' compensation benefits.

33. Defendant discriminated against Ms. McIntosh due to her disability.

34. Defendant failed to accommodate Ms. McIntosh's disability by failing to allow her to seek proper medical treatment when she was injured and then terminating her as a result of absences directly related to her injury.

35. The Defendant failed to communicate with Ms. McIntosh about her disability and necessary accommodations as required by the ADA.

36. The Defendant retaliated against Ms. McIntosh due to her workers' compensation claim.

37. The Defendant terminated Ms. McIntosh in retaliation for her workers' compensation claim.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Ms. McIntosh for her first claim for relief against Defendant, states as follows:

38. Ms. McIntosh hereby incorporates by reference paragraphs 1 through 38 as though previously set out herein.

39. At all times relevant to this action, Ms. McIntosh was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

40. The conduct as described hereinabove constitutes discrimination based on Ms. McIntosh's disability.

41. The Defendant willfully and intentionally failed to accommodate Ms. McIntosh's disability.

42. Defendant intentionally and willfully discriminated against Ms. McIntosh because she is disabled and/or because Ms. McIntosh has a record of being disabled and/or because

Defendant regarded Ms. McIntosh as disabled. Similarly situated non-disabled employees were treated more favorably in the terms of privileges, and conditions of their employment.

43. Defendant's actions were intentional, willful and in reckless disregard of Ms. McIntosh 's rights as protected by the ADA and Title VII.

44. Ms. McIntosh has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

### RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

45. Ms. McIntosh hereby incorporates by reference paragraphs 1 through 44 as though previously set out herein.

46. Ms. McIntosh suffered a work-related injury during her employment with Defendant.

47. The conduct as described hereinabove constitutes retaliation on the basis of Ms. McIntosh lawfully seeking statutory workers' compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

48. Defendant intentionally and willfully terminated Ms. McIntosh's employment in retaliation for Ms. McIntosh's worker's compensation claim.

49. Defendant intentionally and willfully refused to accommodate Ms. McIntosh's disability caused by her work injury and failed to allow her to return to her employment in retaliation for her seeking her lawful rights under Indiana's Workers' Compensation laws. Similarly situated individuals who were not seeking workers' compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

50. Defendant's actions were intentional, willful and in reckless disregard of Ms. McIntosh 's rights under Indiana Law.

51. Ms. McIntosh has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. McIntosh, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. McIntosh her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages;

f. Pay for lost future wages;

g. Pay to Ms. McIntosh all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre and post judgment interest;

i. Provide to Ms. McIntosh all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Ms. McIntosh, by counsel, respectfully requests a jury trial for all issues deemed so triable.

          Respectfully submitted:

          /s/ *Tiffany R. Guthrie*
          Tiffany R. Guthrie 35878-49
          Darron S. Stewart #21114-29
          STEWART & STEWART ATTORNEYS
          931 S. Rangeline Rd.
          Carmel IN 46032
          (317) 846-8999
          Fax: (317) 843-1991
          Tiffany@getstewart.com
          Attorneys for Plaintiff, Melissa McIntosh